IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALDEN PAULINE, | ) | Civ. No. 08-00194 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING |
| | ) | COMPLAINT |
| vs. | ) | |
| | ) | |
| ALBERT TUFONO, DANE ORA, | ) | |
| ROY REEBER, and H.P.A., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT**

On April 28, 2008, pro se Plaintiff Alden Pauline, a prisoner incarcerated at Halawa Correctional Facility ("HCF") in Aiea, Hawaii, filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). Plaintiff is proceeding *in forma pauperis*.

Plaintiff names Albert Tufono, Dane Ora, Roy Reeber, and H.P.A. (Hawaii Paroling Authority) as Defendants. For the following reasons, Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim.

**I. BACKGROUND**

Plaintiff sets forth three grounds for relief. It is difficult to decipher, however, what constitutional violations, if any, Plaintiff alleges. Factually,

Plaintiff appears to allege that he has received inadequate mental health treatment and that he is being subjected to retaliation for complaining about his mental health treatment. At best, Plaintiff realleges claims that are currently pending before the court or that have been previously dismissed for failure to state a claim.[1]

## II. LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical

---

[1] Plaintiff has four other actions pending in the United States District Court for the District of Hawaii, *Pauline v. Manuma*, Civ. No. 06-00459 HG-BMK, *Pauline v. Dewitt*, Civ. No. 06-00522 HG-BMK, *Pauline v. Bauman, et al.*, Civ. No. 07-00411 HG-BMK, and *Pauline v. Pali Momi Medical Center, et al.*, Civ. No. 08-00195 HG-KSC. Most recently, Plaintiff's Complaint in *Pauline v. Bauman, et al.*, Civ. No. 08-00196 SOM-LEK, was dismissed because his claims were either duplicative of his other suits or failed to state a claim.

inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin,* 745 F.2d at 1227.

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*).

### III.  DISCUSSION

**A.    Plaintiff's Complaint Fails to Comply with Rule 8 of the Federal Rules of Civil Procedure**

In Counts One, Two, and Three, Plaintiff makes indecipherable allegations of violations of his civil rights. Compl. at 5-7. Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (*quoting* Fed. R. Civ. P. 8(e)(1)). Simply put, "[a]ll that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (*quoting Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

The court is aware of its duty to construe the pleadings of a pro se plaintiff liberally. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). This rule of liberal construction is particularly important in civil rights cases. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The court is unable to discern the underlying facts of Plaintiff's claims sufficiently to even liberally construe any claims as identifying a constitutional violation, or more importantly, indicating that any named Defendant is responsible for such a violation. Plaintiff's Complaint consists entirely of

incoherent sentences, without providing sufficient specific facts for the court, or Defendants, to have notice of what exactly happened and when, who did what to Plaintiff, and how any of Defendants' actions allegedly violated the Constitution or laws.

In addition, any retaliation claim Plaintiff is attempting to state in Count Two is directly related to the allegations set forth in Civil No. 07-00411 HG-BMK. Thus, to the extent Plaintiff now attempts to state a retaliation claim against Defendants, it is appropriate for Plaintiff to seek leave to amend his Complaint in Civil No. 07-00411 HG-BMK, and add said claims to that action.

Accordingly, as Plaintiff fails to allege sufficient facts to state a claim against Defendants, his claims are **DISMISSED**. Unless the court determines that the pleading could not possibly be cured by the allegation of other facts, the court should grant leave to amend. *See Lopez*, 203 F.3d at 1130. Although it does not appear that Plaintiff can amend his Complaint to state a claim against Defendants, the court is unable to say that the deficiencies cannot be cured. Plaintiff is **GRANTED** leave to amend.

To the extent Plaintiff attempts to state a retaliation claim against Defendants, however, Plaintiff's claims are **DISMISSED without leave to amend** because the appropriate course of action is for Plaintiff to seek leave to amend his

complaint in Civil No. 07-00411 HG-BMK, so that he may add the retaliation claims to that action. Should the court deny Plaintiff's motion seeking leave to amend his complaint in Civil No. 07-00411 HG-BMK, Plaintiff may then file a separate action alleging new and/or different claims.

**B.     Plaintiff's Claims Are Dismissed As Duplicative**

On July 30, 2007, Plaintiff filed a prisoner civil rights complaint in Civil No. 07-00411 HG-BMK. Since filing the original complaint, Plaintiff has filed two supplements to the complaint naming additional defendants and claims. Plaintiff names Dr. Vic Patel, Clayton Frank, May Andrade, Eric Tanaka, Kay Bauman, and Wesley Mun as Defendants. Plaintiff complains that these Defendants violated his constitutional rights when they failed to provide Plaintiff with adequate medical care. Plaintiff claims that they did not provide Plaintiff with proper psychiatric treatment or medication to treat his mental health condition and that as a result Plaintiff engages in self-mutilation.

Although the court cannot discern Plaintiff's present claims, to the extent Plaintiff attempts, in any way, to state that he has not received adequate mental health treatment, his claims are duplicative of the claims set forth in Civil No. 07-00411 HG-BMK.

The court may dismiss the Complaint or individual claims when the Complaint or claims are duplicative of claims brought in another case. *See* 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss prisoner actions that are frivolous); *see also Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (finding no abuse of discretion in dismissing action as frivolous under 28 U.S.C. § 1915 when complaint "merely repeats pending or previously litigated claims"). Accordingly, to the extent Plaintiff alleges that he has not received adequate medical treatment, his claims are **DISMISSED without leave to amend** as duplicative.

### IV.  CONCLUSION

IT IS HEREBY ORDERED that:

1.  Plaintiff's claims against Defendants for retaliation are **DISMISSED without leave to amend**.  Plaintiff is notified that, to the extent Plaintiff now attempts to state a retaliation claim against Defendants, it is appropriate for Plaintiff to seek leave to amend his complaint in Civil No. 07-00411 HG-BMK, so that he may add the retaliation claims to that action.  If a motion seeking leave to amend the complaint in Civil No. 07-00411 HG-BMK is denied, Plaintiff may then file a separate action alleging a retaliation claim.

2.  To the extent Plaintiff claims that he has not received adequate mental health treatment, and that claim is duplicative of the claims set forth in Civil No. 07-00411 HG-BMK, those claims are **DISMISSED without leave to amend**.

3.  Plaintiff's remaining claims against Defendants are **DISMISSED with leave to amend**.

4.  As a result, Plaintiff's Complaint is **DISMISSED (in part with leave to amend and in part without leave to amend)** pursuant to §§ 1915(e)(2) and 1915A(b) for failure to state a claim.

5.  Plaintiff is given **up to and including June 10, 2008**, to amend his Complaint, if possible, to cure the deficiencies discussed above.  If Plaintiff decides to amend the Complaint in accordance with this Order, the amended complaint must "reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference." Local Rule 10.3.  The document must bear the docket number assigned this case and must be clearly labeled "Amended Complaint."  **Failure to file an amended complaint by June 10, 2008, will result in AUTOMATIC DISMISSAL of this action without prejudice.**

6. The Clerk of Court is DIRECTED to send Plaintiff a prisoner civil rights complaint form so that he may comply with this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 21, 2008.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Pauline v. Tufono, et al.*, Civ. No. 08-194 JMS-BMK; ORDER DISMISSING COMPLAINT; hmg\Screening Orders 08\Pauline 08-194 JMS (dsm FTSC)